Thomas A. Banducci (ISB No. 2453)
Wade L. Woodard (ISB No. 6312)
GREENER BANDUCCI SHOEMAKER P.A.
Counselors and Attorneys at Law
950 West Bannock Street
Suite 900
Boise, Idaho 83702
Telephone (208) 319-2600
Facsimile (208) 319-2601
Email: tbanducci@greenerlaw.com
       wwoodard@greenerlaw.com

Joseph W. Holland, (Idaho Bar No. 4062)
Holland Law Office, PLLC
802 W. Bannock St., Suite 305
Boise, Idaho 83702
Telephone: (208) 336-1234
Facsimile: (208) 336-8344
jwh@idahoip.com

Attorneys for Plaintiff Electronic Controls Company

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| ELECTRONIC CONTROLS COMPANY, Inc., an Idaho corporation,<br><br>Plaintiff<br><br>vs.<br><br>911EP Incorporated, a Delaware corporation,<br><br>Defendant. | Case No.: _____<br><br>COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF<br><br>(Demand for Jury Trial) |

COMPLAINT FOR DECLARATORY JUDGMENT – PAGE 1

ELECTRONIC CONTROLS COMPANY, (herein "ECCO"), hereby files its Complaint for declaratory and temporary, preliminary and permanent injunctive relief against 911EP Incorporated, (herein "911EP" or "Defendant") and alleges as follows:

## PARTIES AND JURISIDCTION

1.  This proceeding for a declaratory judgment arises under the patent statutes of the United States, Title 35 of the United States Code. This Court has jurisdiction over this proceeding under 28 U.S.C. §2201 and §2202.

2.  Venue in this action arises out of 28 U.S.C. § 1400(b) and 28 U.S.C. §1391(b).

3.  ECCO is an Idaho corporation, (herein "ECCO"), having its principal place of business located in Boise, Idaho.

4.  Defendant, 911EP is a Delaware corporation having places of business in Jacksonville, Florida and St. Cloud, Minnesota.

## GENERAL ALLEGATIONS

5.  Upon information and belief given rise to by 911EP's assertions alleged herein, ECCO believes 911EP is the assignee of all rights to the following U.S. Patents:

    a.  U.S. Patent No. 7,163,324 entitled *Led Light Stick Assembly*, issued January 16, 2007,

    b.  U.S. Patent No. 7,153,013, entitled *LED Warning Signal Light and Moveable Row of LED's*, issued December 26, 2006

    c.  U.S. Patent No. 7,095,334, entitled *Strip LED Light Assembly for Motor Vehicle*, issued August 22, 2000,

    d.  U.S. Patent No. 7,080,930, entitled *LED Warning Signal Light and Row of LED's*, issued July 25, 2006,

COMPLAINT FOR DECLARATORY JUDGMENT – PAGE 2

e.  U.S. Patent No. 7,064,674, entitled *Replaceable LED Modules*, issued June 20, 2006,

f.  U.S. Patent No. 7,038,593, entitled *Strip LED Light Assembly for Motor Vehicle*, issued May 2, 2006,

g.  U.S. Patent No. 7,033,036, entitled *LED Light Bar*, issued April 25, 2006,

h.  U.S. Patent No. 6,995,681, entitled *LED Warning Signal Light and Movable Support*, issued February 7, 2006,

i.  U.S. Patent No. 6,989,743, entitled *Replacement LED Lamp Assembly and Modulated Power Intensity for Light Source*, issued January 24, 2006,

j.  U.S. Patent No. 6,946,969, entitled *LED Warning Signal and Light Supports*, issued September 20, 2005,

k.  U.S. Patent No. 6,930,615, entitled *LED Warning Signal Light and Light Support*, issued August 16, 2005,

l.  U.S. Patent No. 6,822,578, entitled *LED Warning Signal Light and Light Bar*, issued November 23, 2004,

m.  U.S. Patent No. 6,814,459, entitled *LED Light Bar*, issued November 9, 2004,

n.  U.S. Patent No. 6,789,930, entitled *LED Warning Signal Light and Row of LED's*, issued September 14, 2004,

o.  U.S. Patent No. 6,788,217, entitled *LED Warning Signal Light and Light Support Having At Least One Sector*, issued September 7, 2004,

p.  U.S. Patent No. 6,707,389, entitled *LED Personal Warning Light*, issued March 16, 2004,

COMPLAINT FOR DECLARATORY JUDGMENT – PAGE 3

q. U.S. Patent No. 6,705,745, entitled *Rotational Led Reflector*, issued March 16, 2004,

r. U.S. Patent No. 6,700,502, entitled *Strip LED Light Assembly for Motor Vehicle*, issued March 2, 2004,

s. U.S. Patent No. 6,693,551, entitled *Replaceable LED Modules*, issued February 17, 2004,

t. U.S. Patent No. 6,614,359, entitled *Replacement LED Lamp Assembly and Modulated Power Intensity for Light Source*, issued September 2, 2003,

u. U.S. Patent No. 6,590,502, entitled *LED Warning Signal Light and Movable Support,* issued July 8, 2003,

v. U.S. Patent No. 6,590,343, entitled *LED Compensation Circuit*, issued July 8, 2003,

w. U.S. Patent No. 6,547,410, entitled *LED Alley/Take-Down Light*, issued April 15, 2003,

x. U.S. Patent No. 6,504,487, entitled *LED Warning Signal Light and Light Supports*, issued January 7, 2003,

y. U.S. Patent No. 6,476,726, entitled *LED Personal Warning Light*, issued November 5, 2002,

z. U.S. Patent No. 6,472,996, entitled *LED Warning Signal Light and Light Support*, issued October 29, 2002,

aa. U.S. Patent No. 6,469,631, entitled *LED Warning Signal Light and Light Support Having at Least One Sector*, issued October 22, 2002,

      bb.    U.S. Patent No. 6,462,669, entitled *Replaceable LED Modules*, issued October 8, 2002,

      cc.    U.S. Patent No. 6,461,008, entitled *LED Light Bar*, issued October 8, 2002,

      dd.    U.S. Patent No. 6,424,269, entitled *LED Warning Signal Light and Light Bar*, issued July 23, 2002,

      ee.    U.S. Patent No. 6,380,865, entitled *Replacement LED Lamp Assembly and Modulated Power Intensity for Light Source*, issued April 30, 2002 and

      ff.    U.S. Patent No. 6,367,949, entitled *PAR 36 LED Utility Lamp*, issued April 9, 2002.

(herein collectively referred to as "the 911EP Patents"). True and correct copies of the 911EP Patents are attached hereto as Exhibits A-1 through A-32.

6. ECCO has been and is at present manufacturing and selling warning light devices which include LED's in various configurations in the United States.

7. Exhibit B is a true and correct copy of an e-mail sent on or about February 22, 2007 by 911EP to Mike Scoll, ECCO's Vice President of Sales.

8. Exhibit B includes a list of the 911EP Patents, a printout depicting various products manufactured and sold by ECCO, specifically ECCO's:

      a.    3630 and 3635 LED Directional Lights,

      b.    15 Series Light bars and "Minibars", -

      c.    10 Series Light bars,

      d.    7900 Series Beacons,

      e.    3300 Series Safety Director,

(herein collectively referred to as "the ECCO LED Lighting Products").

9. 911EP's e-mail of February 22, 2007 asserts infringement by ECCO of the 911EP Patents by the manufacture and sale of the ECCO LED Lighting Products.

10. ECCO denies 911EP's claim of infringement of the 911EP Patents by the manufacture and sale of the ECCO LED Lighting Products and asserts that it is entitled to manufacture, use, and sell any of such LED lighting products without interference by 911EP.

11. By reason of the above, an actual controversy has arisen and exists between the parties as to the validity of the above-mentioned Letters Patent and their alleged infringement by the manufacture and sale of certain ECCO LED Lighting Products.

12. The above-mentioned the 911EP Patents, and each of them, are invalid and void for the reasons stated below:

    a. Prior to the alleged inventions by John C. Pederson, (herein "Pederson"), the sole named Inventor of each of the 911EP patents, or more than one year prior to the dates of the applications for the 911EP patents, the alleged inventions were patented or described in printed publications in the United States or in foreign countries.

    b. John C. Pederson, (herein "Pederson"), the sole named Inventor of each of the 911EP patents, was not the original or first or sole inventor or discoverer of the alleged inventions purporting to be patented by Pederson, but had previously been devised by others.

    c. Prior to the alleged inventions by Pederson, the alleged inventions had been known to or used by others in the United States.

COMPLAINT FOR DECLARATORY JUDGMENT – PAGE 6

    d.    For more than one year prior to the filing of the patent applications in the United States, the alleged inventions, or all material or substantial part or parts of such inventions, had been in public use or on sale in this country.

    e.    The alleged inventions of the patents were described in patents granted on applications for patents of others filed in the United States before the alleged inventions by the applicant here involved.

    f.    Prior to the alleged inventions by the applicant, the alleged inventions were made in this country by others who had not abandoned, suppressed, or concealed them.

    g.    The differences between the subject matters sought to be patented and

    h.    The prior art are such that the subject matters of the as a whole would have been obvious, at the time the alleged inventions were made, to a person having ordinary skill in the art to which such subject matters pertained, and such subject matters did not involve patentable inventions.

    i.    The specifications of the 911EP patents fail to contain written descriptions of the alleged inventions, and of the manner and process of making and using them, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which they pertain, or with which they are most clearly connected, to make and use them, and fail to set forth the best mode contemplated by the inventor of carrying out Pederson's alleged inventions.

j. The claims set forth in the patent the applications are vague and indefinite and fail to particularly point out or distinctly claim the subject matter that Pederson regarded as his invention.

k. If the 911EP patents are construed to cover the ECCO LED Lighting Products that ECCO may have made, used, or sold, the patents are invalid in view of the prior art.

l. In view of the prior state of the art and the language of the claims of the patents, and by reason of the proceedings had or taken in the United States Patent and Trademark Office in the prosecution of the patent applications, defendant is estopped from maintaining that the claims of the 911EP patents or any of them have such scope as to cover or embrace any of the ECCO LED Lighting Products that ECCO may have made, used, or sold.

13. Unless defendant is enjoined from the above-mentioned acts, it will continue to assert that ECCO is infringing the 911EP patents by making and selling the ECCO LED Lighting Products and will continue to interfere with ECCO's business with respect to such manufacture and sale.

Wherefore, ECCO respectfully requests the Court to enter judgment in its favor and against 911EP as follows:

A. Declaring that the 911EP Patents and each and every claim of such patent are invalid and void;

B. Declaring that ECCO has not infringed the 911EP Patents;

C. Declaring that it is the right of ECCO to continue to make, use, and sell ECCO LED Lighting Products, without any threat or other interference whatsoever against ECCO by

911EP, based on or arising out of the ownership of the 911EP Patents or any interest in such patents

D.       Declaring that Letters Patent and all other patents owned by defendant relating to LED Lighting Products are unenforceable against plaintiff.

E.       Enjoining 911EP pending the final adjudication of this action, and permanently afterwards, from prosecuting or bringing or threatening to bring any action against any buyers, sellers, or users of ECCO's LED Lighting Products for alleged infringement of the 911EP Patents.

F.       Enjoining 911EP, its officers, agents, employees, and attorneys, pending the final adjudication of this action, and permanently afterwards, from charging or asserting that the manufacture, use, or sale of ECCO LED Lighting Products is in violation of or infringes defendant's alleged patent rights under the 911EP Patents.

G.       Asessing the costs of this action be against 911EP.

H.       Awarding ECCO damages, including lost profits to ECCO , and trebling such damages.

I.       Awarding ECCO such other and further relief as is just, including attorney's fees.

DATED this 2 day of March, 2007.

GREENER BANDUCCI SHOEMAKER, LLP

Wade L. Woodard
Attorneys for Plaintiff Electronic Control Company

COMPLAINT FOR DECLARATORY JUDGMENT – PAGE 9